EMMA HURDLE V. THE MISSOURI PACIFIC RAILWAY COMPANY.

No. 14,368.  (85 Pac. 287.)

DAMAGES—*Death by Wrongful Act—Demurrer to Evidence.* In an action for damages for a death by wrongful act it was held that the trial court erred in sustaining a demurrer to the plaintiff's evidence.

Error from Johnson district court; WINFIELD H. SHELDON, judge. Opinion filed March 10, 1906. Reversed.

*Cook & Gossett,* and *A. Smith Devenney,* for plaintiff in error.

*Waggener, Doster & Orr,* and *Humbert Riddle,* for defendant in error.

*Per Curiam:* The trial court was not warranted in sustaining the demurrer to plaintiff's evidence. There is testimony that Hurdle, the deceased, in going to and from his work had used a railroad velocipede on the railroad-track for years with the knowledge and consent of the company; that the engineer had some reason to believe that Hurdle would be upon the track about the time that he was run down and killed; that the engineer was looking along the track and must have seen Hurdle a distance of about 600 feet from the point of collision; and that the engineer did not give any signal or warning of approach until just before the collision.

49—73 KAN.

Leaving out of consideration the character of Hurdle's license to run the velocipede over the track, whether he had a right to rely upon the giving of certain crossing signals, and whether Hurdle had reason to, or did, believe that the belated train had already passed, we still think the right of recovery was not a question of law for the court. Even if Hurdle was careless in going upon the track, it would be no excuse for the engineer recklessly to run him down. If the engineer saw Hurdle, and ran most of the intervening distance without giving warning or using the ordinary means to save his life, it was a reckless, wanton act, and the company cannot rely upon Hurdle's negligence to protect it from liability. It was admitted by the engineer that he was on the lookout, and that he saw Hurdle about a hundred yards away, when he sounded the whistle and applied the air-brake. Other witnesses say, however, that Hurdle was in sight of the engineer about twice that distance, and also that the engineer did not sound the whistle until about the time that the engine struck and killed Hurdle. If it be granted that the engineer blew the whistle about a hundred yards away, as he stated, there is still testimony to the effect that he must have run about 300 feet while in sight of Hurdle without giving any warning or taking any precautions to avert the injury. If that be true, his action may justly be characterized as recklessness. Had the warning been given when he was 600 feet away Hurdle might possibly have thrown himself from the track and saved his life.

Whether it was a reckless injury by the engineer, or whether recovery is barred because of Hurdle's own negligence, are questions for the determination of a jury. Viewing the testimony in the light most favorable to the plaintiff, and allowing all reasonable inferences in her favor, we think the demurrer to the evidence should have been overruled, and therefore the judgment of the court is reversed, and the cause remanded for further proceedings.